UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS CANCIO,

    Plaintiff,

v.

BEARINGTON HOLDINGS LLC,
d/b/a NO COMPROMISE GAMING,

    Defendant.
_____/

CASE NO.:

**JURY TRIAL DEMANDED**

8:16 CV 3321 T 36 TBM

## COMPLAINT

Plaintiff, Luis Cancio, by and through the undersigned counsel, files suit against Bearington Holdings LLC, d/b/a No Compromise Gaming, and states as follows:

### NATURE OF ACTION

1. Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"). Fundamentally, this case concerns the Defendant's refusal to respect Plaintiff's personal legal rights in its attempts to collect an alleged debt.

### JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings a claim under the TCPA, 47 U.S.C. § 227 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida. Plaintiff suffered the injuries in Hillsborough County, Florida.



TPA-40501
$400

1

## PARTIES

4. Plaintiff, Luis Cancio ("Mr. Cancio" or "Plaintiff"), is a natural person who resides in Hillsborough County, Florida. Plaintiff is also a "consumer" as that term is defined by Fla. Stat. § 559.55(8), has a "consumer debt" under Fla Stat. § 559.55(6), and is a "person" as that term is used in 47 U.S.C. § 227.

5. Defendant, Bearington Holdings LLC, d/b/a No Compromise Gaming ("NCG" or "Defendant"), is a limited liability company, is headquartered in Tennessee, does business in the State of Florida, is a "creditor" as that term is defined by Fla. Stat. § 559.55(5), and is a "person" under 47 U.S.C. § 227.

6. Defendant, in the conduct of its business, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

7. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

## BACKGROUND

8. Beginning approximately in October 2016, Mr. Cancio began to receive multiple telephone calls from Defendant to his cell phone in an attempt to collect a debt Mr. Cancio's brother, Benjamin Cancio, allegedly owed to Defendant (the "Alleged Debt"). The Debt was a transaction primarily for personal and household purposes; therefore, the Debt is a "debt" as

defined by Fla. Stat. § 559.55(2).

9. During the first telephone conversation with Defendant, Mr. Cancio informed Defendant that he was not his brother. Defendant informed Mr. Cancio that his brother, Benjamin Cancio, owed a debt and asked Mr. Cancio to pay his brother's debt. Mr. Cancio declined to pay but informed Defendant that Mr. Cancio would give his brother Defendant's message.

10. The next day, Defendant called Mr. Cancio's cell phone again attempting to collect the Alleged Debt. Mr. Cancio told Defendant to stop calling his cell phone and provided Defendant with his brother's contact information.

11. Nevertheless, despite Mr. Cancio telling Defendant that Defendant was calling the wrong number, despite Mr. Cancio providing Defendant with his brother's contact information, and despite the fact that Mr. Cancio told Defendant to stop calling, Defendant continued to call his cell phone in an attempt to collect the Alleged Debt approximate one (1) to three (3) times a day, at least four (4) days a week.

12. On or about November 1, 2016, Mr. Cancio informed Defendant that Mr. Cancio had obtained undersigned counsel with respect to the alleged debt and provided Defendant with undersigned counsel's contact information. Despite notice of counsel, Defendant continues to call Mr. Cancio's cell phone.

13. Mr. Cancio knows when Defendant is calling his cell phone because Mr. Cancio recognizes the number. Additionally, when Mr. Cancio answers his phone, the representatives identify themselves as calling from Defendant. Defendant calls Mr. Cancio's cell phone from the following phone number: 888-308-0318.

14. Defendant made the collection calls to Mr. Cancio's cell phone using an automatic telephone dialing system without Mr. Cancio's consent. This was made apparent due to the high frequency of calls despite Mr. Cancio's cease-calls request and by the fact that Mr. Cancio would hear a beep on the other end of the line prior to being connected to an operator.

15. Mr. Cancio has never signed a contract with Defendant. Mr. Cancio does not, and never has, owed a debt to Defendant.

16. As detailed below, Defendant's conduct constitutes a violation of the FCCPA and TCPA.

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT NCG

17. This is an action against Defendant for violation of Fla. Stat. § 559.55 *et seq.*

18. Plaintiff re-alleges and incorporates paragraphs 1 through 16, as if fully set forth herein.

19. Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication" as defined by Fla. Stat. § 559.55(2).

20. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

21. Through its conduct, described above, Defendant directly and through its agents violated the above sections of the FCCPA.

22. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

23. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

24. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

25. Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b). Each violation has been consolidated into a single count to promote clarity.

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment against NCG, finding that NCG violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATIONS OF THE TCPA BY DEFENDANT NCG

26. This is an action against NCG for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

27. Plaintiff re-alleges and reincorporates paragraphs 1 through 16, as if fully set forth here-in.

28. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

29. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

30. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cell phone without Plaintiff's express consent using an automatic telephone dialing system.

31. Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

32. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

33. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

34. Based upon the willful, knowing, and intentional conduct of Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment against NCG: (1) finding NCG violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding NCG willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated:  December 2, 2016

Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone:  (813) 360-1529
Fax:     (813) 336-0832

_/s/ Brian L. Shrader_
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
**PAMELA N. WESTFALL, ESQ.**
Florida Bar No.: 106230
e-mail: pwestfall@centroneshrader.com
Attorneys for Plaintiff